UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-cv-80156-DIMITROULEAS/MATTHEWMAN

CLEAN CULTURE LABORATORIES, LLC,

    Plaintiff,

vs.

OZNATURALS, LLC,

    Defendant.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REOPEN CASE IN ADDITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT [DE 28]

**THIS CAUSE** is before the Court upon Plaintiff Clean Culture Laboratories, LLC's ("Plaintiff") Motion to Reopen Case in Addition to Motion to Enforce Settlement Agreement ("Motion") [DE 28]. The Motion was referred to the Undersigned United States Magistrate Judge by the Honorable William P. Dimitrouleas, United States District Judge. [DE 29].

On April 30, 2025, the Court entered a Paperless Order to Show Cause [DE 30], noting that Defendant OZNaturals, LLC's ("Defendant") response to the Motion was overdue and providing Defendant until May 2, 2025, to show cause in writing, (1) why the Motion should not be granted and (2) why Defendant failed to respond by April 29, 2025. The Court further warned that Defendant's failure to timely respond to this Order to Show Cause may result in the Motion being granted by default pursuant to Local Rule 7.1(c) and/or the imposition of appropriate sanctions. *Id.*

Shortly thereafter, Defendant's counsel moved to withdraw, which motion was granted. [DEs 31, 33]. New counsel appeared for Defendant on May 6, 2025. [DE 35]. On May 28, 2025,

the Court entered a second Paperless Order to Show Cause [DE 37], noting that, per the Court's Order dated May 6, 2025 [DE 33], Defendant's response to Plaintiff's Motion was due on May 27, 2025. The Court gave Defendant until May 30, 2025, to show cause, in writing, (1) why the Motion should not be granted and (2) why Defendant failed to respond by May 27, 2025. [DE 37]. The Court again stated that Defendant's failure to timely respond to this Order to Show Cause may result in the Motion being granted by default pursuant to Local Rule 7.1(c) and/or the imposition of appropriate sanctions. *Id.*

On May 30, 2025, Defendant filed a Response to the Order to Show Cause [DE 38]. Defendant represented that the parties had been conferring regarding a total settlement of this case. *Id.* Defendant stated that it had "no objection to reopening or enforcement, but object[ed] to entry of final judgment while negotiating terms of a settlement." Further, Defendant requested 14 days to try to settle the case "before judgment is entered." *Id.* Thereafter, the Court entered an Order requiring the parties to file a joint notice stating whether or not this matter has been settled on or before June 13, 2025. [DE 39]. The parties failed to file a joint notice as required, so the Court ordered them to do so by June 18, 2025. [DE 40]. Finally, on June 17, 2025, the parties filed a Joint Notice Regarding Settlement [DE 41] in which they jointly notified the Court that they had not reached a settlement.

In the Motion and attachments thereto, Plaintiff has established that, on June 4, 2020, the parties entered into a written Settlement Stipulation, and, on June 5, 2020, the Court entered an Order of Dismissal Without Prejudice [DE 26], expressly retaining jurisdiction to enforce the Settlement Stipulation. Thereafter, Plaintiff received payments from Defendant totaling $840,991; however, Defendant did not make the April 1, 2023, payment for $21,297.00. There is a default provision in the Settlement Agreement that addresses this issue, and on April 6, 2023, Plaintiff's

2

counsel sent a written notice of default. Defendant did not cure the default.

Then, on April 18, 2023, Defendant filed a Chapter 11 bankruptcy case (Southern District of Florida Bankruptcy Court, Case No. 23-13005-MAM). On December 15, 2023, Defendant filed its Amended Chapter 11 Plan, and then the Bankruptcy Court entered an Order confirming the Plan as a non-consensual plan under 11 U.S.C. § 1191(b). Defendant defaulted under the terms of the Plan by failing to make quarterly payments to CCL in May 2024, August 2024, and November 2024, and has made no payments since then. On March 4, 2025, the Bankruptcy Court entered an Order Granting-in-Part Motion to Enforce Plan Default, which determined that Plaintiff held an allowed general unsecured claim in the bankruptcy case for $1,065,139.00. Plaintiff is now seeking a principal amount of $1,043,842, which is comprised of the $1,884,833 default amount in Section 5 of the Settlement Stipulation, less the $840,991 received, along with prejudgment interest from the date of default of April 2, 2023.

Defendant has set forth no substantive arguments in opposition to the Motion and thus has waived any. Further, in its recent filings, Defendant acknowledges that entry of a judgment is appropriate. In light of the procedural history of this case, the Motion is due to be granted.

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that United States District Judge William P. Dimitrouleas **GRANT** Plaintiff's Motion to Reopen Case in Addition to Motion to Enforce Settlement Agreement [DE 28]. The Undersigned further **RECOMMENDS** that the District Judge direct the Clerk of Court to reopen this case; find that the Defendant has defaulted under the terms of the Settlement Stipulation attached to the Motion by failing to make the required payments and that Plaintiff is entitled to entry of a judgment against the Defendant; and enter a Final Judgment in favor of the Plaintiff in accordance with the terms of the Settlement Stipulation

and the calculations provided in the Plaintiff's Motion. Specifically, the Undersigned **RECOMMENDS** that the District Judge adopt the Proposed Final Judgment attached to the Motion as DE 28-6.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of June 2025.

_____
WILLIAM MATTHEWMAN
United States District Judge